IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 12-cv-03356-MSK

**DEBORAH M. WOODROW,**

    Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**

    Defendant.

## ORDER DENYING MOTION FOR AWARD OF ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff Deborah M. Woodrow's Motion for Award of Attorneys' Fees ("Motion") (**#20**) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Having considered the Motion, the Commissioner's Response (**#21**), and Ms. Woodrow's Reply (**#22**), the Court

**FINDS** and **CONCLUDES**:

### I. Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

### I. Issue Presented

Ms. Woodrow asserts that, pursuant to the EAJA, she should be awarded attorney fees in the amount of $4,972.88 for her appeal of the administrative law judge's Decision denying her claim for disability insurance benefits. The Commissioner challenges Ms. Woodrow's request

for attorney fees on the basis that its position in defending the Decision was substantially justified.

## II.   Background

Ms. Woodrow filed a claim for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33, asserting that her disability began on September 4, 2007. After a hearing, the administrative law judge ("ALJ") denied Ms. Woodrow's Claim in a Decision issued September 22, 2011.

Ms. Woodrow appealed that Decision to the Appeals Council. Along with her appeal, Ms. Woodrow submitted additional evidence, including, as relevant here, a functional evaluation report from a treating physician, Dr. Reitzenstein. The Appeals Council denied review, stating that it "considered the reasons [Ms. Woodrow] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," which included Dr. Reitzenstein's report, but concluded "that this information does not provide a basis for changing the [ALJ's] decision." The Appeals Council did not provide any further analysis of Dr. Reizenstein's opinion.

Subsequently, Ms. Woodrow appealed to this Court. Pursuant to 42 U.S.C.§ 405(g), this Court exercised its jurisdiction and reviewed the ALJ's Decision. On January 28, 2014, this Court reversed that Decision and remanded the case to the Commissioner for further proceedings. Specifically, this Court held that the Appeals Council erred in not specifically considering Dr. Reitzenstein's opinion in its order denying review of the Decision. In the instant Motion, Ms. Woodrow requests attorney fees.

### III.     Discussion

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Thus, to prevail under the EAJA, a party must show: (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under 42 U.S.C. § 405(g).  *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007).  In an Order dated January 28, 2014, (**#16**) this Court reversed the Commissioner's decision denying Ms. Woodrow's disability benefits and remanded his case to the Commissioner for additional review.  Thus, Ms. Woodrow is the prevailing party.  The Commissioner has not argued that there are any special circumstances that make an award unjust.  Therefore, the sole issue before the Court is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of demonstrating that her position was substantially justified.  *Id.* at 1170.  For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position.  *Id*. at 1174.  Under the EAJA, "fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position."  *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002)).  The Commissioner's position is substantially justified if it had a reasonable basis in both law and fact.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Veltman v. Astrue*,

261 F. App'x. 83, 85 (10th Cir. 2008).  The Commissioner's position is not justified if it is considered unreasonable "as a whole."  *Hackett*, 475 F.3d at 1175.  Applying these standards here, the Commissioner's position on appeal had a reasonable basis in law and fact.

If a Claimant submits "new and material evidence":

> . . . the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).  However, the degree to which the Appeals Council must consider newly submitted records from treating physician remains unsettled.  *Compare Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006), *with Harper v. Astrue*, 428 F. App'x 823, 826 (10th Cir. 2011) (unpublished).

On the one hand, the Tenth Circuit concluded in *Martinez* that the Appeals Council did not need to "specifically discuss [a doctor's] treatment records."  *Id.*  There, the claimant submitted new treatment records to the Appeals Council, which stated that it "considered the contentions submitted in connection with the request for review as well as the additional evidence," but concluded that "neither the contentions nor the additional evidence provide[d] a basis for changing the [ALJ's] decision."  444 F.3d at 1207.[1]  According to the *Martinez* court, the Appeals Council satisfied the regulation's requirement because it "adequately 'considered . . . the additional evidence,' meaning that it 'evaluate[d] the entire record including the new and material evidence submitted.'"  *Id.* (quoting 20 C.F.R. § 404.970(b)) (internal citations omitted).

---

[1] Thus, *Martinez* differs from earlier cases cited by Ms. Woodrow where "there [was] no dispute that the evidence escaped the attention of the Appeals Council."  *Chambers v. Barnhart*, 389 F.3d 1139, 1142-43 (10th Cir. 2004) (citing *Lawson v. Chater*, 83 F.3d 432 (10th Cir. 1996)).

On the other hand, the Tenth Circuit has more recently reversed the Commissioner's denial of benefits where the Appeals Council "did not conduct any treating physician analysis in its decision denying [the claimant's] request for review." *Harper*, 428 F. App'x at 826. The *Harper* court concluded that the Appeals Council had not adequately considered the new treatment records even though, much like in *Martinez*, the Appeals Council "stated the new evidence . . . 'does not provide a basis for changing the [ALJ's] decision.'" *Id.*

Here, as in *Martinez* and *Harper*, the Appeals Council stated that it "considered the reasons [Ms. Woodrow] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," but concluded "that this information does not provide a basis for changing the [ALJ's] decision." Although the Court found *Harper* the more persuasive authority in the merits case, it cannot conclude that the Commissioner adopted an unreasonable position by relying on *Martinez*. *Harper* is a more recent case, but it is also unpublished and does not specifically address or overrule *Martinez*. Thus, *Martinez* remains good law and the Commissioner reasonably relied on its standard in defending the action of the Appeals Council. Thus, the Commissioner has met her burden of demonstrating that her position in defending the Decision on appeal was substantially justified, and Ms. Woodrow is not entitled to attorney fees.

For the reasons stated herein, **IT IS ORDERED** that the Motion is **DENIED**.

Dated this 1st day of June, 2014.

                                                    **BY THE COURT:**

                                                    Marcia S. Krieger
                                                    Chief United States District Judge